**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CENEGENICS, LLC,

           Plaintiff,

vs.

HEALTHGAINS, *et al.*,

           Defendants.

Case No.: 2:19-cv-00438-GMN-BNW

**ORDER**

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Brenda Weksler, (ECF No. 33), which states that Plaintiff Cenegenics, LLC's ("Plaintiff") Motion for Entry of Default Judgment against Defendants Healthgains and AAG Miami, (ECF No. 32), should be granted and that judgment be entered against Defendants. (R. & R. 7:20–22, ECF No. 33).

Further, the Report and Recommendation states that judgment should be entered against Defendants for: (i) willfully infringing Cenegenics's registered trademark rights as represented in U.S. Trademark Registration Nos. 2,223,227 and 4,656,290 in violation of 15 U.S.C. § 1114; (ii) willfully violating Cenegenics's common law rights in the Cenegenics marks in violation of Nevada law; (iii) willfully committing unfair competition in violation of 15 U.S.C. § 1125(a); and (iv) willfully committing deceptive trade practices and consumer fraud in violation of Nevada Revised Statutes ("NRS") Chapter 598. (*Id.* 7:22–27).

Moreover, the Report and Recommendation states that Defendants HealthGAINS and AAG Miami, and all persons or entities acting in concert with Defendants during the pendency of this action and thereafter, should be permanently enjoined from: (i) displaying Cenegenics's trademarks anywhere on Defendants' website or promotional materials and/or using the

1  Cenegenics marks in the source code for such websites, except for use in connection with
2  lawful comparative advertising in a non-misleading manner; (ii) unfairly competing with
3  Cenegenics by further acts of infringement and unauthorized use of Cenegenics's marks by
4  such acts as purchasing "AdWords" containing the Cenegenics marks, except for use in
5  connection with lawful comparative advertising in a nonmisleading manner; (iii) making and/or
6  publishing false, misleading, or disparaging statements about Cenegenics and its products and
7  services; (iv) otherwise unfairly competing with Cenegenics by further acts of infringement and
8  unauthorized use of the Cenegenics marks; and (v) falsely suggesting an affiliation or
9  endorsement by Cenegenics of Defendants' products and services by further acts of
10 infringement and unauthorized use of Cenegenics's marks pursuant to 15 U.S.C. § 1116 and
11 Rule 65(d) of the Federal Rules of Civil Procedure. (*Id.* 8:1–14).

12     A party may file specific written objections to the findings and recommendations of a
13 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
14 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo
15 determination of those portions to which objections are made. *Id.*  The Court may accept, reject,
16 or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.
17 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).  Where a party fails to object, however, the Court is
18 not required to conduct "any review at all . . . of any issue that is not the subject of an
19 objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized
20 that a district court is not required to review a magistrate judge's report and recommendation
21 where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114,
22 1122 (9th Cir. 2003).
23 ///
24 ///
25

Here, no objections were filed, and the deadline to do so has passed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 33), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment against Defendants Healthgains and AAG Miami, (ECF No. 32), is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered against Defendants HealthGAINS and AAG Miami for: (i) willfully infringing Cenegenics's registered trademark rights as represented in U.S. Trademark Registration Nos. 2,223,227 and 4,656,290 in violation of 15 U.S.C. § 1114; (ii) willfully violating Cenegenics's common law rights in the Cenegenics marks in violation of Nevada law; (iii) willfully committing unfair competition in violation of 15 U.S.C. § 1125(a); and (iv) willfully committing deceptive trade practices and consumer fraud in violation of NRS Chapter 598.

**IT IS FURTHER ORDERED** that Defendants HealthGAINS and AAG Miami, and all persons or entities acting in concert with Defendants during the pendency of this action and thereafter, are permanently enjoined from: (i) displaying Cenegenics's trademarks anywhere on Defendants' website or promotional materials and/or using the Cenegenics marks in the source code for such websites, except for use in connection with lawful comparative advertising in a non-misleading manner; (ii) unfairly competing with Cenegenics by further acts of infringement and unauthorized use of Cenegenics's marks by such acts as purchasing "AdWords" containing the Cenegenics marks, except for use in connection with lawful comparative advertising in a nonmisleading manner; (iii) making and/or publishing false, misleading, or disparaging statements about Cenegenics and its products and services; (iv) otherwise unfairly competing with Cenegenics by further acts of infringement and unauthorized use of the Cenegenics marks; and (v) falsely suggesting an affiliation or endorsement by

1 Cenegenics of Defendants' products and services by further acts of infringement and
2 unauthorized use of Cenegenics's marks pursuant to 15 U.S.C. § 1116 and Rule 65(d).
3    **DATED** this 24 day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court