# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cenegenics, LLC, | Case No. 2:19-cv-00438-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Healthgains, et al., | |
| Defendants. | |

Plaintiff Cenegenics moves to file certain documents under seal (attorney billing records attached to its Renewed Motion for Attorney Fees and portions of the Murphey Affidavit that reflect confidential negotiated billing rates). These documents are currently filed under seal at ECF No. 43-1. The redacted version of these documents are filed at ECF No. 41-1. No opposition to the motion to seal was filed.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case". *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

1   Given the "weaker public interest in nondispositive materials," the court applies the good
2   cause standard in evaluating whether to seal documents attached to a nondispositive motion that
3   are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*,
4   605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive
5   motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and,
6   as a result, the public's interest in accessing dispositive materials does 'not apply with equal
7   force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at
8   1179).

9   Here, the motion in question is not dispositive and the sealed information is not more than
10  tangentially related to the merits of the case. As a result, the good cause standard applies. The
11  documents in question contain negotiated billing rates for Cenegenics' attorneys,
12  which is not information that is generally available to the public or to Cenegenics' attorneys'
13  competitors. Disclosure could therefore harm Cenegenics' ability to negotiate rates in the future,
14  and disadvantage Cenegenics' counsel in negotiating rates for work. Additionally, the billing
15  records contain descriptions of the work performed by Cenegenics' attorneys, which constitute
16  confidential information and may contain confidential attorney work product. All these reasons
17  constitute good cause for the sealing of these documents.

18  IT IS THEREFORE ORDERED that Plaintiff's motions to seal (ECF Nos. 42, 43) are
19  GRANTED.

20  IT IS FURTHER ORDERED that Plaintiff's exhibit at ECF No. 43-1 will remain sealed
21  and that the exhibit at ECF No. 41-1 will remain as currently redacted.

22  IT IS FURTHER ORDERED that the hearing set for January 15, 2021 is VACATED.
23  DATED: December 1, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE